**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-259(3) (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CLARIFICATION** |
| PHILIP EUGENE GURZI, | |
| Defendant. | |

Thomas M. Hollenhorst, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Philip Eugene Gurzi, Reg. No. 18074-41, FCI Sandstone, Unit K-4 RDAP, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

## BACKGROUND

On October 8, 2014, Phillip Eugene Gurzi, pled guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Plea Agreement, Oct. 8, 2017, Docket No. 181; *see* Indictment at Count I, Aug. 5, 2014, Docket No. 1.) Before sentencing, the probation office determined that Gurzi's offense level should be increased by two levels pursuant to USSG § 2D1.1(b)(1) because "[i]nvestigative materials indicate[d] the defendant [was] accountable for numerous rounds of ammunition seized from his residence and at least one firearm which contained his DNA." (Presentence Investigation Report ("PSI") ¶ 40, Sept. 29, 2015, Docket No. 271.) In the parties' written positions on sentencing, the government favored the two-level increase, and Gurzi objected to it. (Government's Position on Sentencing at 3-4,

Nov. 24, 2015, Docket No. 312; Def.'s Position on Sentencing at 4-6, Oct. 13, 2015, Docket No. 294.) At the sentencing, however, Gurzi withdrew his objection to the two-level enhancement. (Excerpt of Sentencing Tr. 3:15-5:4, Nov. 27, 2017, Docket No. 358.) The Court applied the two-level enhancement pursuant to § 2D1.1(b)(1) and sentenced Gurzi to serve a term of imprisonment of 150 months. (Sentencing J., Dec. 17, 2015, Docket No. 319.)[1]

At sentencing, the Court recommended that Gurzi participate in the Residential Drug Abuse Program ("RDAP") administered by the Bureau of Prisons ("BOP"). (Def.'s Mot. for Clarification ("Mot.") at 1, Sept. 25, 2017, Docket No. 353.) Prisoners that complete RDAP may receive a possible reduction in their sentence of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). But when Gurzi enrolled in RDAP on July 18, 2017, his drug-treatment specialist informed him that he would not be eligible for the one-year sentence reduction because of the two-level sentencing enhancement applied pursuant to USSG § 2D1.1(b)(1). (Mot. at 1.) On September 25, 2017, Gurzi filed a Motion for Clarification, asking the Court to "issue forth an order or recommendation indicating the gun enhancement was applied solely for sentencing purposes, and not meant to . . . prohibit Mr. Gurzi from the benefits associated with participating in RDAP." (*Id.*) The government opposes Gurzi's motion. (Resp. in Opp. to Def.'s Mot. ("Opp."), Oct. 13, 2017, Docket No. 356.)

---

[1] On March 28, 2017, the Court reduced the defendant's term of imprisonment to 100 months. (Re-Sentencing J., Apr. 7, 2017, Docket No. 352.)

**DISCUSSION**

Federal law mandates that all federal prisoners with a substance-abuse problem be given the opportunity to participate in an appropriate substance-abuse treatment program. 18 U.S.C. § 3621(e)(1)(C). The BOP offers RDAP to prisoners who volunteer for treatment and have a verifiable substance-abuse disorder. 28 C.F.R. § 550.53. One incentive for a prisoner to enroll in this intensive nine-month program is to receive a possible sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B). BOP regulations and program statements guide BOP staff in determining whether a prisoner is eligible for early release under § 3621(e)(2)(B). *See, e.g.*, BOP Program Statement 5162.05, Categorization of Offenses; Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e).

18 U.S.C. § 3621(e)(2)(B) provides that, for a federal prisoner who successfully completes a treatment program, the prisoner's sentence "may be reduced by the Bureau of Prisons" up to one year. In *Lopez v. Davis*, the Supreme Court held that the word "may" in § 3621(e)(2)(B) grants the BOP discretion to reduce the prisoner's sentence. 531 U.S. 230, 240-41 (2001). A federal regulation adopted by BOP categorically excludes from sentence reduction "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.55(b)(5)(ii). This regulation is a lawful exercise of the BOP's discretion. *See Lopez*, 531 U.S. at 240-41.

The BOP has told Gurzi that he will not receive any sentence reduction for completing RDAP because of the § 2D1.1(b)(1) sentence enhancement that the Court

applied as part of the Court's determination of the applicable sentencing-guideline range. Gurzi asks the Court to issue an order or recommendation indicating that the § 2D1.1(b)(1) enhancement was not meant to prohibit him from receiving a sentence reduction for successfully completing RDAP. To the extent that the Court's intention is relevant, the Court applies enhancements to determine the guideline range. *See* USSG § 1B1.1. And as the Court made clear, the Court is of the view that Gurzi should continue to participate in, should complete, and would very likely benefit from RDAP.

Nevertheless, the decision to grant a sentence reduction for successfully completing RDAP rests with the BOP, not the Court. *See* 18 U.S.C. § 3621(e)(2)(B); *Lopez*, 531 U.S. at 240-41. It would therefore be inappropriate for the Court to express its view about whether a particular prisoner should or should not receive such a sentence reduction, absent a formal legal challenge to the BOP's decision following exhaustion of the appropriate administrative remedies. If Gurzi disagrees with the BOP's decision to deny him a sentence reduction for successfully completing RDAP, he should appeal that decision utilizing the appropriate BOP procedures. And, as the government admits, once Gurzi has exhausted his administrative remedies, he is free to appeal the BOP's final decision to this Court. (*See* Opp. at 5.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Pro Se Motion for Clarification Regarding Intention of Gun Enhancement [Docket No. 353] is **DENIED**.

DATED:  December 6, 2017  　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.  　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court